NUV 29 2010

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

NEIL M. JOHNSON,       )
                       )
          Plaintiff,   )
                       )          3:09-CV-587-RCJ-LRL
     v.                )
                       )
Truckee River Highlands HOA, LLC;, et al., )       **ORDER**
                       )
          Defendants.  )
                       )
_____)

Currently before the Court are Motions to Dismiss (#13, #16, #30, #116, #131). Also before the Court is a Motion to Quash (#15), Motion for Leave to File Amended Complaint (#38), Motion to Set Aside Lis Pendens (#65), Motion to Dismiss and Motion to Quash Service (#116), Motion for Injunction (#119), Motion for Preliminary Injunction (#134), Motion for Default Judgment (#136), Motion to Reconsider (#139), and Motions for Summary Judgment (#148/#150).

The Court heard oral argument on these issues on June 11, 2010.

## BACKGROUND

Plaintiff Neil M. Johnson ("Plaintiff") purchased a home located at 8080 Highland Flume Circle, Reno, Nevada (referred to herein as the "Property") on June 30, 2005. The Property was located in the Truckee River Highlands Homeowners Association in a subdivision called Bella Rio. Defendant Comfort Residential Partners ("Comfort") developed the homes in the subdivision.

On November 11, 2007, Plaintiff conveyed his interest in the Property to Choice Enterprises, LLC ("Choice Enterprises"). Choice Enterprises is not a party to this action.

At some point in 2008 or 2009, Choice Enterprises stopped paying its homeowner

association assessments to the Truckee River Highlands Homeowners Association (the "Association"). At the time, Gayle A. Kern ("Kern") and Gayle A. Kern, Ltd. represented the Association. After Choice Enterprises stopped paying assessments, Kern, on behalf of the Association, notified Choice Enterprises that its payment of quarterly assessments were past due. Despite this notification, the assessments due to the Association remained unpaid. Because the assessments had not been paid, Phil Frink & Associates filed a Notice of Default and Election to Sell with the Washoe County Recorder's Office on July 10, 2009. As of that date, the amount due to the Association was $3,134.22.

Although it filed a notice of default and election to sell, the Association did not foreclose on the property. Rather, concurrently, Choice Enterprises was also significantly in arrears on its mortgage payments. Thus, on October 15, 2009, Reconstrust Company, the beneficiary under the deed of trust, caused the foreclosure sale on the Property. Bank of America now owns the Property.[1]

On November 2, 2009, Plaintiff filed a Complaint (#8) in this action against the following defendants: the Association, Incline Property Management LLC, Don Glenn, Janet Krautstrunk, William Frey, Alan Clark, Comfort Residential Partners, Dave Stromquist, Martin Hudler, Charles Markley, Jeff Richards, William Thale, Matt Bergeron, Gayle A. Kern, Ltd., Gayle A. Kern, Phil Frink & Associations, Phil Frink, Linda Frink, Christine McBride, and Praetgitzer Holdings, Inc.[2] Notably, Plaintiff did not name Bank of America or any other entity involved in the foreclosure of the Property as a defendant.

According to the allegations in Plaintiff's complaint, it appears that Plaintiff is challenging the imposition of certain assessments and fees by the Association and that Plaintiff is claiming any foreclosure on the Property for failure to pay the assessment lien would

---

[1] At oral argument, Plaintiff stated that he is challenging the legitimacy of this foreclosure in a separate lawsuit.

[2] Defendants comprise the homeowners association where the Property is located and its individual board members, the developer of the Association and its individual board members, the property management company and its employees, as well as the attorney that represented the Association.

2

1    be unlawful. (Plaintiff does not allege any causes of action against the entities that foreclosed
2    on the Property for failing to make his monthly mortgage payments).  In addition, it appears
3    that Plaintiff is alleging unlawful conduct by the Association and its individual members, the
4    developer and its individual members, as well as the attorney that represents the Association.

5         The Complaint alleges the following claims for relief: (1) fraud through omission, (2)
6    quiet title action, (3) intentional infliction of emotional distress, (4) tortious breach of implied
7    duty of good faith and fair dealing, (5) civil conspiracy, (6) racketeering under NRS 207.470,
8    (7) unjust enrichment, (8) and conspiracy to commit fraud, fraud by inducement, NRS 116
9    common-interest community statute.

10                                       **DISCUSSION**
11   **I. Motions to Dismiss**
12        Defendants filed motions to dismiss on the grounds that the Court lacks subject
13   matter jurisdiction over the case and because Plaintiff is not the real party in interest to the
14   claims asserted.[3]

15        **A. Subject Matter Jurisdiction**
16        According to Defendants, subject matter jurisdiction is lacking because Plaintiff
17   states no claims for relief premised on federal law, and there is no diversity of citizenship
18   between the parties.  In response, Plaintiff argues that diversity of citizenship exists
19   because one of the Defendants, Praetgitzer Holdings, Inc. ("Praetgitzer"), is based out of
20   Oregon and Washington.  In addition, Plaintiff argues that there is federal question
21   jurisdiction because some of the Defendants are "debt collectors" under the Fair Debt
22   Collection Practices Act ("FDCPA").

23        Federal courts are courts of limited jurisdiction.  See U.S. Const. Art. III, § 2; Owen
24   Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).
25   "Whenever it appears by suggestion of the parties or otherwise that the court lacks
26   jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P.

27   ─────────────────
28        [3] The following motions to dismiss for lack of subject matter jurisdiction are presently before the
     Court: Doc. #13, Doc. # 16, Doc. #30, Doc. #131.

                                          3

1    12(h)(3). "[I]t is presumed that a cause lies outside this limited jurisdiction unless the party

2    asserting jurisdiction establishes that it exists." Kokkonen v. Guardian Life Ins. Co. of

3    America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Thus, the party

4    asserting federal jurisdiction has the burden of establishing it. U.S. v. Orr Water Ditch Co.,

5    600 F.3d 1152, 1157 (9th Cir. 2010).

6            In this case, Plaintiff has failed to establish that federal jurisdiction exists.

7                    **1. Diversity of Citizenship**

8            Federal courts are afforded subject matter jurisdiction where there is diversity of

9    citizenship between all plaintiffs and all defendants and the amount in controversy exceeds

10   $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires "complete diversity, whereby

11   in a case with multiple plaintiffs and multiple defendants, the presence in the action of a

12   single plaintiff from the same State as a single defendant deprives the district court of

13   original diversity jurisdiction over the entire action." Abrego v. Dow Chem. Co., 443 F.3d

14   676, 679 (9th Cir. 2006)(citation and quotation omitted).

15           Here, the Court lacks diversity jurisdiction because Plaintiff and several of the

16   Defendants are from Nevada. In his Complaint, Plaintiff states that he is a "resident of

17   Washoe County, Nevada." (Complaint (#8) at 4). The Complaint further lists the following

18   Defendants as residents of Nevada: Comfort Residential Partners, Incline Property

19   Management, and Phil Frink and Associates.[4] Id. at 4. Because there is not complete

20   diversity between the parties, the Court cannot exercise jurisdiction under 28 U.S.C. §

21   1332(a).

22                    **2. Federal Question Jurisdiction**

23           Federal courts may exercise federal question jurisdiction over an action in two

24   situations. Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th

25   Cir. 2009). "First, and most commonly, a federal court may exercise federal question

26   jurisdiction if a federal right or immunity is 'an element, and an essential one, of the

27   ─────────────

28       [4] Numerous other Defendants have also asserted that they are citizens of Nevada for purposes
     of diversity jurisdiction.

                                                    4

plaintiff's cause of action.'" Id. (quoting <u>Franchise Tax Bd. v. Constr. Laborers Vacation</u>
<u>Trust</u>, 463 U.S. 1, 11, 103 S.Ct. 2841, 77 L.Ed. 2d 420 (1983)).  Thus, the federal question
on which jurisdiction is premised must be disclosed upon the face of the complaint.  Id.
(citing <u>Phillips Petroleum Co. v. Texaco, Inc.</u>, 415 U.S. 125, 127-28, 94 S.Ct. 1002, 39
L.Ed.2d 209 (1974)).  "Second, a federal court may have such jurisdiction if a state-law
claim 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a
federal forum may entertain without disturbing any congressionally-approved balance of
federal and state judicial responsibilities.'" Id. (quoting <u>Grable & Sons Metal Prod., Inc. v.</u>
<u>Darue Eng'g & Mfg.</u>, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed. 2d 257 (2005)).  Such a
federal issue must be "a substantial one, indicating a serious federal interest in claiming
the advantages thought to be inherent in a federal forum."  Id.

In this matter, there is no federal question jurisdiction over the claims asserted in
Plaintiff's Complaint.  The claims alleged in Plaintiff's Complaint appear to stem from
alleged wrongful assessment fees imposed by the Association and a lien the Association
filed against the Property prior to its foreclosure by Bank of America.  The causes of action
in Plaintiff's Complaint are all based on state law: fraud through omission, quiet title action,
intentional infliction of emotional distress, tortious breach of the implied duty of good faith
and fair dealing, civil conspiracy, racketeering under NRS 207.470, unjust enrichment,
conspiracy to commit fraud, fraud by inducement, and violations of NRS 116 common-
interest community statutes.  In addition to the claims for relief, the Complaint references
numerous alleged violations of Nevada law.

Because Plaintiff has failed to show that his Complaint raises a federal question, the
Court cannot exercise jurisdiction under 28 U.S.C. § 1331.  Thus, based on the foregoing,
the Court lacks subject matter jurisdiction over this case and the motions to dismiss are
granted.

### III.  Motion for Leave to File Amended Complaint

Plaintiff filed a brief motion to file an amended complaint stating that the "case has
triable issues involving, among other things, fraudulent foreclosure, and will easily succeed

5

1   upon its merits." (Motion for Leave (#38) at 2). In response, Defendants argue that

2   Plaintiff's motion should be denied because it is "baseless and deficient, both procedurally

3   and substantively in that amendment would be futile due to the lack of subject matter

4   jurisdiction and because plaintiff has failed to comply with the requirements of LR 15-1."

5   (Opposition to Motion for Leave (#42) at 1). According to Defendants, Plaintiff fails to

6   describe how he seeks to amend and Plaintiff has neglected to attach a proposed

7   amended pleading.

8         Fed. R. Civ. P. 15(a) states that a party may amend its pleadings with the court's

9   leave: "The court should freely give leave when justice so requires." The Ninth Circuit

10  applies this policy liberally; "but leave to amend will not be granted where an amendment

11  would be futile." Theme Promotions, Inc. v. News Am. Mktg. FSI, 546 F.3d 991, 1010 (9th

12  Cir. 2008). In addition, leave to amend will not be granted where the amended complaint

13  "would be subject to dismissal." Saul v. U.S., 928 F.2d 829, 843 (9th Cir. 1991).

14        In this matter, the Court denies Plaintiff's motion for leave to amend his complaint.

15  First, Plaintiff failed to attach a copy of the proposed amended complaint as required by

16  Local Rule 15-1(a). That rule requires that a moving party "attach the proposed amended

17  pleading to any motion to amend so that it will be complete in itself without reference to the

18  superseding pleading." Second, amendment would be futile in this case because Plaintiff

19  seeks to add additional state law claims and the amended complaint would be subject to

20  dismissal based on lack of subject matter jurisdiction. Specifically, Plaintiff is attempting to

21  assert several additional claims for violation of the Nevada Revised Statutes. Such an

22  amendment would fail to give the Court federal question jurisdiction.

23        Because amendment would be futile, the Court denies Plaintiff's motion.

24  **IV. Motion to Expunge Lis Pendens**

25        Intervener Bank of America filed a Motion to Expunge Lis Pendens (#65) in this

26  action. Bank of America states that it foreclosed on the Property on October 2, 2009,

27  divesting Plaintiff (or Choice Enterprises) of any ownership interest in the Property.

28  (Motion to Expunge Lis Pendens (#65) at 2). Despite his lack of ownership, Plaintiff filed a

1 lis pendens on the Property when he filed the present lawsuit against the Defendants.

2 Bank of America notes that it is not a named party in the action.  In addition, Bank of

3 America states that a notice of lis pendens is inappropriate in this action because the case

4 does not involve title or possession of real property. Rather, it is concerned only with the

5 validity of homeowner association assessments and fees.  According to Bank of America,

6 "[n]one of the named Defendants [in this lawsuit] had anything to do with the [Bank of

7 America] foreclosure sale, and none of them hold title to the property." Id. at 6.  As a

8 result, Bank of America argues that the lis pendens filed on the Property should be

9 expunged.[5]

10      NRS 14.010 states that "in an action for the foreclosure of a mortgage upon real

11 property, or affecting the title or possession of real property," the plaintiff, "at the time of

12 filing the complaint," shall record a "notice of the pendency of the action, containing the

13 names of the parties, the object of the action and a description of the property" affected

14 thereby.  NRS 14.010(1).  NRS 14.010(2) states that a "notice of an action affecting real

15 property, which is pending in any United States District Court for the District of Nevada may

16 be recorded and indexed in the same manner and in the same place as provided with

17 respect to actions pending in courts of this state."  The purpose of this notice is to provide

18 "constructive notice" to a purchaser or encumbrancer of the property that the property is

19 involved in a lawsuit.

20      In order to justify the filing of a lis pendens under Nevada law, a party must provide

21 evidence that: (a) the action is for foreclosure of a mortgage or affects the title or

22 possession of the real property described in the notice; (b) the action was not brought in

23 bad faith or for an improper motive; (c) the party who recorded the notice will be able to

24 perform any conditions precedent to the relief sought in the action; and (d) the party who

25 recorded the notice would be injured by any transfer of an interest in the property before

26

27 ———————————————

[5] Plaintiff did not file an opposition to Bank of America's motion.  Under Local Rule 7-2(d), the
28 "failure of an opposing party to file points and authorities in response to any motion shall constitute a
consent to the granting of the motion."

the action is concluded.  NRS 14.015(2)(a)-(d).  In addition, the party who recorded the notice "must establish [that] the party who recorded the action is likely to prevail in the action;" or that "the party who recorded the notice has a fair chance of success on the merits" and the injury would be sufficiently serious that, in the event of a transfer, the hardship on the recording party would be greater than the hardship on the defendant.  NRS 14.015(3).  If the court finds that the party who recorded the notice of pendency of the action has failed to establish any of the foregoing requirements, "the court shall order the cancellation of the notice of pendency and shall order the party who recorded the notice to record with the recorder of the county a copy of the order of cancellation."  NRS 14.015(5).

In this matter, the Court grants Bank of America's motion to expunge the lis pendens filed on the Property.  Because the Court finds that it lacks subject matter jurisdiction, the case is dismissed and Plaintiff cannot show that he is likely to prevail in the action.  More importantly, because the case is dismissed there is no longer an action pending affecting the title or possession of the property.  Thus, Plaintiff is ordered to cancel the notice of pendency filed against the Property.

**V. Remaining Motions**

Because the Court lacks subject matter jurisdiction, all remaining pending motions are denied as moot.

///
///
///
///
///
///
///
///
///
///

8

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendants' Motions to Dismiss (#13, #16, #30, #116, and #131) are GRANTED.  This case is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Bank of America's Motion to Set Aside Lis Pendens (#65) is GRANTED.

IT IS FURTHER ORDERED that all other pending motions are DENIED as moot.

The Clerk of the Court shall enter Judgment accordingly.

DATED: This 29th day of November     2010.

United States District Judge

9